Beard et al vs. Mosely and Wife.

---

BEARD, ET AL., VS. MOSELY AND WIFE.

DESCENT. *Ancestral Inheritance.*

When a child inherits land from her father, and dies without issue, the land will go to the line on the part of the father, to the exclusion of the mother's line.

APPEAL from *Bradley* Circuit Court in Chancery.

Hon. JAMES T. ELLIOTT, Circuit Judge.

*Garland and Cockrill* for appellants.

*Rose, contra.*

C. B. MOORE, SP. J.:

Peter Moseley, and his wife Elizabeth, filed their complaint in the Bradley Circuit Court, on the equity side, to the May term, 1874, against Alexander Beard and others.

The complaint states that one Hugh Beard died about the year 1862, seized of the following described lands, viz: east half of west half of section 18, northwest quarter of southeast quarter of section 18, and the southwest quarter of northeast quarter of section 18, all in township 12 south, range 10 west.

That said Hugh left surviving him a widow, the said Elizabeth, (who has since intermarried with Peter ·Moseley,) and a minor child, Eleanor.

That after the death of the said Hugh Beard, the child Eleanor died without issue, and without brother or sister.

The plaintiffs, Peter and Elizabeth Moseley, are in possession of the lands. They claim that the defendants, Alexander Beard and the others, who are the brothers and sisters, and mother, of Hugh Beard, are asserting title to the lands in question, as the heirs of the child Eleanor, and are thus creating a cloud on the title of the plaintiffs, Peter and Elizabeth, they contending that Elizabeth, the mother of the child Eleanor, inherited the lands from her, and is the rightful owner. They pray for decree declaring the title to be in the said Elizabeth as the heir of her child, Eleanor.

The defendants in the court below demurred to the complaint. The court overruled the demurrer. Defendants rested on their demurrer and refused to answer further. The court then rendered final decree declaring the title to the lands to be in the plaintiff, Elizabeth, as the heir at law of her child, Eleanor, removing all clouds and quieting title. The defendants bring the case by appeal to this court.

The one single question presented to us for review and decision is as to who inherited from the infant child, Eleanor, her mother, or the appellants, who are the mother, and brothers and sisters of her father.

The question is not difficult of solution. It depends entirely upon the construction of our statute of descents and distributions. The lands were the property of Hugh Beard, father of Eleanor. She, undoubtedly, as the only child, inherited them from him. They were not a new acquisition in the hands of the child, but an ancestral inheritance.

Beard et al vs. Mosely and Wife.

In the case of *Kelly's heirs* v. *McGuire, et al.*, 15 Ark., 555, the statute of descents and distributions received a full and thorough construction by this court, and which has been the established rule ever since.

In that case the court said: "After carefully considering each of the provisions of the statute, and all together as a whole, we have come to the following conclusions: * * * * If the inheritance was ancestral, and came from the father's side, then it will go to the line on the part of the father, from whence it came, not in postponement, but in exclusion of the mother's line; and so, on the other hand, if it come from the mother's side, then to the line on the part of the mother, from whence it came, to the exclusion of the father's line."

The lands in this instance were purchased by Hugh Beard, in his life time; and coming by descent to his child, on its death without issue they go back "to the line of the father from whence they came," that is to the appellants.

The rule in *Kelly's heirs* v. *McGuire* has been repeatedly affirmed and followed by this court. See *Scull* v. *Vaugine*, 15 Ark, 695; *Bird* v. *Lipscomb*, 20 ib., 19; *Galloway* v. *Robinson, et al.*, 11 ib., 396; *Campbell* v. *Ware*, 27 ib., 65. We still adhere to the rule.

We therefore conclude that the court below erred in overruling the demurrer of appellants.

The decree of the Bradley Circuit Court is reversed, and the cause remanded, with instructions to the court to sustain the demurrer of the appellants, the defendants in the Circuit Court.

Mr. Justice HARRISON did not sit in this case.